TAYLOR, Presiding Judge,
dissenting.
I dissent from the majority’s opinion remanding this case for the trial court to make a factual determination as to the reasonableness of the roadblock. The judgment in this case should be reversed and a judgment rendered for the defendant. The purpose of the remand, the majority says, is to give the state another opportunity to come up with reasons why this roadblock meets the stringent requirements set up by the United States Supreme Court. See Michigan Dep’t of State Police v. Sitz, 496 U.S. 444, 110 S.Ct. 2481, 110 L.Ed.2d 412 (1990). Both the state and the defendant have already stipulated to the following facts which the court accepted:
“The only written guidelines or procedures adopted by the Department of Public Safety at the time concerning the roadblock operations, site selection, safety, and publicity was a manual carried by each Trooper that required Troopers to call a supervisor to approve the location of the roadblock. No written guidelines existed governing checkpoint operation, duration, and publicity and these procedures are left to the discretion of the officers in the field.”
(Emphasis added.)
This issue should be decided based on the facts of the case and not on some future revisionist version of these facts.

On Return to Remand

McMILLAN, Judge.
This cause was remanded to the trial court for that court to determine whether the roadblock in which the vehicle driven by the appellant, Larry Douglas Stone, was stopped was valid. 705 So.2d 1316 (Ala.Crim.App.1996). The court has now filed its return, which states, in pertinent part, that an evi-dentiary hearing was conducted on June 10, 1996, and that, after considering the testimony, the court file, the prior stipulations by *1318 the parties, and official court record, the court made the following factual findings:
(1) That the roadblock was conducted to check for driver’s licenses, vehicular equipment violations, and driver sobriety.
(2) That, in accordance with Department of Public Safety policy, Alabama State troopers selected a site, contacted the appropriate authority, and received approval to conduct a roadblock at the site.
(3) That July 2, 1994, was a Sunday night of the Fourth of July holiday weekend.
(4) That the site selected was a two-lane highway that connected the towns of Good-water and Sylacauga and that was an alternate means of travel to a four-lane highway connecting those towns.
(5) That the site was a straight, relatively flat section of highway with visibility of approximately one-half mile or more, so that approaching traffic would have adequate time to observe the roadblock and react accordingly.
(6) That the site was a moderately traveled “stretch” of highway, and that the troopers took into account the lack of residences and business activity in the area so as to minimize any safety concerns for pedestrians or curiosity seekers.
(7) That the roadblock was conducted approximately at dusk, and that it was in accordance with the troopers’ education and experience, and that appropriate warning lights, reflectors, clothing, and traffic control flashlight devices were used.
(8) That during the roadblock, all vehicles traveling in either direction were detained for as brief a period as necessary to inspect the driver’s licenses and to make a limited inspection of the vehicles’ external safety equipment.
(9) That, in the testing trooper’s opinion, approximately 15 to 20 vehicles were briefly detained, with no other violations necessitating arrest, although other citations were written.
(10) That the appellant approached the roadblock from the direction of Goodwater, towing a boat trailer that was not equipped with proper lights. In addition, the trooper smelled the odor of alcohol on the appellant. The appellant was directed to pull to the shoulder of the road and was given field sobriety tests. He was arrested and was subsequently found to have a blood alcohol content of .18%.
(11)That the roadblock was operated for approximately one and one-half hours. The operation ceased after the appellant was arrested because one of the two operating officers was needed to transport the appellant and to make satisfactory arrangements for the appellant’s child, who was in the vehicle with the appellant.
Based on the evidence and stipulations, the trial court found that the roadblock, and the stop and seizure in this case were reasonable under the circumstances. In addition, the court found that the roadblock was conducted in a manner that served a genuine public interest, following an objective and neutral plan — halting all oncoming traffic for only a very brief period.
In Michigan Dep’t of State Police v. Sitz, 496 U.S. 444, 110 S.Ct. 2481, 110 L.Ed.2d 412 (1990), the United States Supreme Court approved the three-part balancing test set out in Brown v. Texas, 443 U.S. 47, 99 S.Ct. 2637, 61 L.Ed.2d 357 (1979), to determine the reasonableness of a sobriety checkpoint stop. The Brown test requires the court to weigh the public concerns served by the seizure, the degree to which the seizure advances the public interest, and the severity of the interference with individual liberty. Here, the public interest in detecting drunk drivers was very great, and the troopers’ roadblock advanced that public interest, particularly on a holiday weekend. Moreover, the intrusion on the privacy of the drivers who were stopped was minimal.
In addition to approving the Brown test, the Court in Michigan Dep’t of State Police v. Sitz, supra, discussed the importance of written guidelines setting forth the procedures governing checkpoint operations which leave little discretion to those conducting a checkpoint or roadblock. Although there *1319 were no written guidelines in place at the time of the appellant’s seizure, the methods used by the troopers clearly limited their discretion. From the time the roadblock was established until it ended, all approaching vehicles were cheeked in the same manner, in accordance with the troopers’ training and appropriate safety precautions. No random inspections were made. Based on the record, the trial court properly determined that the roadblock in this case was reasonable. Therefore, the judgment of the trial court is due to be, and it is hereby, affirmed.
AFFIRMED.
All Judges concur, except TAYLOR, P.J., who adheres to original dissent.